IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| FREDERICK SKULFIELD | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| | ) Plaintiff Demands Trial by Jury |
| NEIL REIMER, RDC TRANSPORT | ) |
| INC., VERSPEETEN CARTAGE | ) |
| LIMITED, and MOE'S TRANSPORT | ) |
| TRUCKING INC. | ) |
| | ) |
| Defendants, | ) |

## COMPLAINT

NOW comes the Plaintiff, Frederick Skulfield by and through his attorneys The Vrdolyak Law Group LLC complaining of the Defendants, Neil Reimer, RDC Transport Inc., Verspeeten Cartage Limited, and Moe's Transport Trucking Inc., stating as follows:

### Count 1

*(Negligence- Neil Reimer)*

1. Plaintiff Frederick Skulfield is a Georgia citizen, and the individual Defendant, Neil Reimer, is a citizen of Canada. The corporate defendants RDC Transport Inc., Verspeeten Cartage Limited, and Moe's Transport Trucking Inc. are Canadian citizens with their respective corporate nerve centers and principal places of business in Canada. The named corporate Defendants are motor carriers involved in for-hire transportation of property in interstate commerce.

1

2. The amount in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332, making subject matter jurisdiction appropriate in this Court based on diversity.

3. Venue is properly set in this district pursuant to 28 U.S.C. § 1391 (b) since all Defendants transact business within this judicial district and this judicial district is where substantial events giving rise to plaintiff's injury and damages occurred.

4. On, before and after September 2, 2021, Defendant RDC Transport Inc. owned or leased a 2016 white Volvo tractor VIN # 4V4NC9THXGN955487 with a Canadian license plate # 2694PY and as an interstate motor carrier was subject to the Federal Motor Carrier Safety Regulations.

5. On and before September 2, 2021, RDC Transport Inc., pursuant to Federal Motor Carrier Safety Regulation §390.5, was the statutory employer of defendant truck driver Neil Reimer, who operated RDC Transport Inc.'s 2016 white Volvo tractor, as part of RDC Transport Inc.'s business involving for-hire transportation of property in interstate commerce.

6. At all relevant times, including September 2, 2021, RDC Transport Inc. and its employees who occupied safety sensitive positions, including truck driver Neil Reimer, were required to know and obey all Federal Motor Carrier Safety Regulations.

7. On and before September 2, 2021, the aforesaid 2016 white Volvo tractor VIN # 4V4NC9THXGN955487 with a Canadian license plate # 2694PY displayed both the logo of Defendant Verspeeten Cartage Limited and their US DOT # 188033.

8. At the time of the September 2, 2021 rear end collision giving rise to this lawsuit, the 2016 white Volvo tractor was pulling a 53-foot 2014 Stoughton trailer loaded with metal racks with a license plate V5851K, which was owned by Defendant Moe's Transport Trucking Inc., a motor carrier with a US DOT # 956604.

9. On September 2, 2021, and before, defendant Neil Reimer was driving the white Volvo tractor, with attached Stoughton trailer, which was a commercial motor vehicle weighing more than 26,001 pounds in G.V.W. and was being used in the interstate transportation of goods or cargo, as it travelled eastbound near mile marker 7.4 in Allen County, Fort Wayne, Indiana.

10. On September 2, 2021, the commercial motor vehicle owned or leased by defendant RDC Transport Inc. was being operated by defendant Neil Reimer in the usual course of RDC Transport Inc.'s, Verspeeten Cartage Limited's, and Moe's Transport Trucking Inc.'s businesses as interstate motor carriers.

11. On September 2, 2021, Neil Reimer was operating the aforesaid commercial motor vehicle with permission of one or more of the entities referenced in the above paragraph and within the scope of his duties as a commercial trucker driver.

12. On September 2, 2021, and before Neil Reimer was an actual employee or a FMCSR §390.5 statutory employee of Defendants, RDC Transport Inc., Verspeeten Cartage Limited and Moe's Transport Trucking Inc.

13. On September 2, 2021, Defendants, RDC Transport Inc., Verspeeten Cartage Limited and Moe's Transport Trucking Inc. were each a FMCSR §390.5 statutory employer of defendant trucker Neil Reimer and each is vicariously liable

for any negligent conduct by him while operating their commercial motor vehicle.

14. On September 2, 2021, Neil Reimer was driving eastbound on I-469 in the aforesaid commercial motor when he deviated from his lane of travel and collided with a maroon 2017 Volvo tractor and trailer occupied by Plaintiff Frederick Skulfield, which was mechanically disabled and stopped on the far side of the fog line on the shoulder of eastbound I-469  (See **Exhibit #1** which is attached and incorporated by reference herein to this complaint)

15. Before and at the time of this collision, the emergency flashers on Skulfield"s Volvo tractor and trailer were activated. Additionally, orange reflective triangles had been properly placed by Frederick Skulfield behind his disabled tractor trailer to warn oncoming motorists of its presence.

16. On September 2, 2021, and before, Defendants Neil Reimer, RDC Transport Inc., Verspeeten Cartage Limited and Moe's Transport Trucking Inc., and each of them, owed a duty to exercise ordinary care for the safety of the Indiana motoring public, which included Frederick Skulfield.

17. Despite this duty, the Defendants Neil Reimer, RDC Transport Inc., Verspeeten Cartage Limited and Moe's Transport Trucking Inc., and each of them, on September 2, 2021, and before, breached the aforesaid duty and violated Industry standards by one or more of the following negligent acts:

    1. Failed to keep a proper look out;
    2. Fell asleep at the wheel when they knew the dangers of driving fatigued;
    3. Failed to comply with fmcsr §392.3 and
    4. Drove outside their permitted hours of service.

18. One or more of the above negligent acts or omissions by the Defendants was a proximate cause of the September 2, 2021, rear end collision with the maroon 2017 Volvo tractor and trailer occupied by Plaintiff Frederick Skulfield.

19. After the September 2, 2021, collision, Frederick Skulfield was taken by ambulance from the crash site to a local hospital and underwent medical treatment.

20. As a proximate cause of Neil Reimer's negligent driving, Frederick Skulfield was injured in the collision of September 2, 2021, and has suffered losses of a personal and pecuniary nature including, but not limited to, economic losses, medical liens, medical bills, physical therapy bills, ongoing and future care expenses, pain and suffering, multiple medical procedures, disfigurement, disability, and loss of a normal life. These losses have been incurred in the past and are reasonably certain to occur in the future. All or some of them are permanent.

*WHEREFORE,* Frederick Skulfield respectfully requests that judgment be entered in his favor and against Defendant Neil Reimer in an amount which will fully and fairly compensate him for all of his losses. The exact amount of compensatory damages sought cannot now be stated; however, the damages substantially exceed all applicable minimum jurisdictional amounts, specified in 28 U.S.C. § 1332.

### Count 2

*(Vicarious liability – RDC Transport Inc.)*

1-19. Plaintiff incorporates by reference paragraphs 1-19 of Count 1 as though fully set forth herein as paragraphs 1-19 of Count 2.

20. As a proximate cause of Neil Reimer's negligent driving, for which defendant RDC Transport Inc. is vicariously responsible, Frederick Skulfield was injured in the collision of September 2, 2021, and has suffered losses of a personal and pecuniary nature including, but not limited to, economic losses, medical liens, medical bills, physical therapy bills, ongoing and future care expenses, pain and suffering, multiple medical procedures, disfigurement, disability, and loss of a normal life. These losses have been incurred in the past and are reasonably certain to occur in the future. All or some of them are permanent.

*WHEREFORE*, Frederick Skulfield respectfully requests that judgment be entered in his favor and against Defendant, RDC Transport Inc., which is vicariously responsible for the negligent actions of its § 390.5 statutory employee Neil Reimer, in an amount which will fully and fairly compensate him for all his losses. The exact amount of compensatory damages sought cannot now be stated; however, the damages substantially exceed all applicable minimum jurisdictional amounts, specified in 28 U.S.C. § 1332.

### Count 3
(*Negligence v. Neil Reimer*)

1. Plaintiff Frederick Skulfield is a Georgia citizen, and the individual Defendant, Neil Reimer, is a citizen of Canada. The corporate Defendants RDC Transport Inc., Verspeeten Cartage Limited, and Moe's Transport Trucking Inc. are Canadian citizens with their respective corporate nerve centers and principal places

of business in Canada. The named corporate Defendants are motor carriers involved in for-hire transportation of property in interstate commerce.

2. The amount in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332, making subject matter jurisdiction appropriate in this Court based on diversity.

3. Venue is properly set in this district pursuant to 28 U.S.C. § 1391 (b) since all Defendants transact business within this judicial district and this judicial district is where substantial events giving rise to plaintiff's injury and damages occurred.

4. On, before and after September 2, 2021, Defendant RDC Transport Inc. owned or leased a 2016 white Volvo tractor VIN # 4V4NC9THXGN955487 with a Canadian license plate # 2694PY and as an interstate motor carrier was subject to the Federal Motor Carrier Safety Regulations.

5. On and before September 2, 2021, RDC Transport Inc., pursuant to Federal Motor Carrier Safety Regulation §390.5, was the statutory employer of defendant truck driver Neil Reimer, who operated RDC Transport Inc.'s 2016 white Volvo tractor, as part of RDC Transport Inc.'s business involving for-hire transportation of property in interstate commerce.

6. At all relevant times, including September 2, 2021, RDC Transport Inc. and its employees who occupied safety sensitive positions, including truck driver Neil Reimer, were required to know and obey all Federal Motor Carrier Safety Regulations.

7. On and before September 2, 2021, the aforesaid 2016 white Volvo tractor

VIN # 4V4NC9THXGN955487 with a Canadian license plate # 2694PY displayed both the logo of Defendant Verspeeten Cartage Limited and their US DOT # 188033.

8.     At the time of the September 2, 2021, rear end collision giving rise to this lawsuit, the 2016 white Volvo tractor was pulling a 53-foot 2014 Stoughton trailer loaded with metal racks with a license plate V5851K, which was owned by Defendant Moe's Transport Trucking Inc., a motor carrier with a US DOT # 956604.

9.     On September 2, 2021, and before, defendant Neil Reimer was driving the white Volvo tractor, with attached Stoughton trailer, which was a commercial motor vehicle weighing more than 26,001 pounds in G.V.W. and was being used in the interstate transportation of goods or cargo, as it travelled eastbound near mile marker 7.4 in Allen County, Fort Wayne, Indiana.

10.    On September 2, 2021, the commercial motor vehicle owned or leased by defendant RDC Transport Inc. was being operated by defendant Neil Reimer in the usual course of RDC Transport Inc.'s, Verspeeten Cartage Limited's, and Moe's Transport Trucking Inc.'s businesses as interstate motor carriers.

11.    On September 2, 2021, Neil Reimer was operating the aforesaid commercial motor vehicle with permission of one or more of the entities referenced in the above paragraph and within the scope of his duties as a commercial trucker driver.

12.    On September 2, 2021, and before Neil Reimer was an actual employee or a FMCSR §390.5 statutory employee of Defendants, RDC Transport Inc., Verspeeten Cartage Limited and Moe's Transport Trucking Inc.

13.    On September 2, 2021, Defendants, RDC Transport Inc., Verspeeten

8

Cartage Limited and Moe's Transport Trucking Inc. were each a FMCSR §390.5 statutory employer of defendant trucker Neil Reimer and each is vicariously liable for any negligent conduct by him while operating their commercial motor vehicle.

14. On September 2, 2021, Neil Reimer was driving eastbound on I-469 in the aforesaid commercial motor when he deviated from his lane of travel and collided with a maroon 2017 Volvo tractor and trailer occupied by Plaintiff Frederick Skulfield, which was mechanically disabled and stopped on the far side of the fog line on the shoulder of eastbound I-469. (See **Exhibit #1** attached and incorporated herein to this complaint)

15. Before and at the time of this collision, the emergency flashers on Skulfield's Volvo tractor and trailer were activated. Additionally, orange reflective triangles had been properly placed by Frederick Skulfield behind his disabled tractor trailer to warn oncoming motorists of its presence.

16. On September 2, 2021, and before, Defendants Neil Reimer, RDC Transport Inc., Verspeeten Cartage Limited and Moe's Transport Trucking Inc., and each of them, owed a duty to exercise ordinary care for the safety of the Indiana motoring public, which included Frederick Skulfield.

17. Despite this duty, the Defendants Neil Reimer, RDC Transport Inc., Verspeeten Cartage Limited and Moe's Transport Trucking Inc., and each of them, on September 2, 2021, and before, breached the aforesaid duty and violated Industry standards by one or more of the following negligent acts:

    a. Failed to keep a proper look out;
    b. Fell asleep at the wheel when they knew the dangers of driving fatigued;
    c. Failed to comply with fmcsr §392.3 and

9

        d.      Drove outside their permitted hours of service.

18.    One or more of the above negligent acts or omissions by the Defendants was a proximate cause of the September 2, 2021, rear end collision with the maroon 2017 Volvo tractor and trailer occupied by Plaintiff Frederick Skulfield.

19.    After the September 2, 2021, collision, Frederick Skulfield was taken by ambulance from the crash site to a local hospital and underwent medical treatment.

20.    As a proximate cause of Neil Reimer's negligent driving, Frederick Skulfield was injured in the collision of September 2, 2021, and has suffered losses of a personal and pecuniary nature including, but not limited to, economic losses, medical liens, medical bills, physical therapy bills, ongoing and future care expenses, pain and suffering, multiple medical procedures, disfigurement, disability, and loss of a normal life. These losses have been incurred in the past and are reasonably certain to occur in the future. All or some of them are permanent.

*WHEREFORE*, Frederick Skulfield respectfully requests that judgment be entered in his favor and against Defendant Neil Reimer in an amount which will fully and fairly compensate him for all of his losses. The exact amount of compensatory damages sought cannot now be stated; however, the damages substantially exceed all applicable minimum jurisdictional amounts, specified in 28 U.S.C. § 1332.

### *Count 4*

*(Vicarious liability – Verspeeten Cartage Limited)*

1-19.   Plaintiff incorporates by reference paragraphs 1-19 of Count 3 as though fully set forth herein as paragraphs 1-19 of Count 4.

10

20. As a proximate cause of Neil Reimer's negligent driving, for which Defendant Verspeeten Cartage Limited is vicariously responsible, Frederick Skulfield was injured in the collision of September 2, 2021, and has suffered losses of a personal and pecuniary nature including, but not limited to, economic losses, medical liens, medical bills, physical therapy bills, ongoing and future care expenses, pain and suffering, multiple medical procedures, disfigurement, disability, and loss of a normal life. These losses have been incurred in the past and are reasonably certain to occur in the future. All or some of them are permanent.

*WHEREFORE*, Frederick Skulfield respectfully requests that judgment be entered in his favor and against Defendant Verspeeten Cartage Limited, which is vicariously responsible for the negligent actions of its § 390.5 statutory employee Neil Reimer, in an amount which will fully and fairly compensate him for all his losses. The exact amount of compensatory damages sought cannot now be stated; however, the damages substantially exceed all applicable minimum jurisdictional amounts, specified in 28 U.S.C. § 1332.

## Count 5

### (*Negligence v. Neil Reimer*)

1. Plaintiff Frederick Skulfield is a Georgia citizen, and the individual Defendant, Neil Reimer, is a citizen of Canada. The corporate defendants RDC Transport Inc., Verspeeten Cartage Limited, and Moe's Transport Trucking Inc. are Canadian citizens with their respective corporate nerve centers and principal places

of business in Canada. The named corporate defendants are motor carriers involved in for-hire transportation of property in interstate commerce.

2. The amount in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332, making subject matter jurisdiction appropriate in this Court based on diversity.

3. Venue is properly set in this district pursuant to 28 U.S.C. § 1391 (b) since all Defendants transact business within this judicial district and this judicial district is where substantial events giving rise to plaintiff's injury and damages occurred.

4. On, before and after September 2, 2021, Defendant RDC Transport Inc. owned or leased a 2016 white Volvo tractor VIN # 4V4NC9THXGN955487 with a Canadian license plate # 2694PY and as an interstate motor carrier was subject to the Federal Motor Carrier Safety Regulations.

5. On and before September 2, 2021, RDC Transport Inc., pursuant to Federal Motor Carrier Safety Regulation §390.5, was the statutory employer of defendant truck driver Neil Reimer, who operated RDC Transport Inc.'s 2016 white Volvo tractor, as part of RDC Transport Inc.'s business involving for-hire transportation of property in interstate commerce.

6. At all relevant times, including September 2, 2021, RDC Transport Inc. and its employees who occupied safety sensitive positions, including truck driver Neil Reimer, were required to know and obey all Federal Motor Carrier Safety Regulations.

7. On and before September 2, 2021, the aforesaid 2016 white Volvo tractor

VIN # 4V4NC9THXGN955487 with a Canadian license plate # 2694PY displayed both the logo of Defendant Verspeeten Cartage Limited and their US DOT # 188033.

8. At the time of the September 2, 2021, rear end collision giving rise to this lawsuit, the 2016 white Volvo tractor was pulling a 53-foot 2014 Stoughton trailer loaded with metal racks with a license plate V5851K, which was owned by Defendant Moe's Transport Trucking Inc., a motor carrier with a US DOT # 956604.

9. On September 2, 2021, and before, defendant Neil Reimer was driving the white Volvo tractor, with attached Stoughton trailer, which was a commercial motor vehicle weighing more than 26,001 pounds in G.V.W. and was being used in the interstate transportation of goods or cargo, as it travelled eastbound near mile marker 7.4 in Allen County, Fort Wayne, Indiana.

10. On September 2, 2021, the commercial motor vehicle owned or leased by Defendant RDC Transport Inc. was being operated by Defendant Neil Reimer in the usual course of RDC Transport Inc.'s, Verspeeten Cartage Limited's, and Moe's Transport Trucking Inc.'s businesses as interstate motor carriers.

11. On September 2, 2021, Neil Reimer was operating the aforesaid commercial motor vehicle with permission of one or more of the entities referenced in the above paragraph and within the scope of his duties as a commercial trucker driver.

12. On September 2, 2021, and before Neil Reimer was an actual employee or a FMCSR §390.5 statutory employee of Defendants, RDC Transport Inc., Verspeeten Cartage Limited and Moe's Transport Trucking Inc.

13. On September 2, 2021, Defendants, RDC Transport Inc., Verspeeten Cartage Limited and Moe's Transport Trucking Inc. were each a FMCSR §390.5 statutory employer of defendant trucker Neil Reimer and each is vicariously liable for any negligent conduct by him while operating their commercial motor vehicle.

14. On September 2, 2021, Neil Reimer was driving eastbound on I-469 in the aforesaid commercial motor when he deviated from his lane of travel and collided with a maroon 2017 Volvo tractor and trailer occupied by Plaintiff Frederick Skulfield, which was mechanically disabled and stopped on the far side of the fog line on the shoulder of eastbound I-469. (See **Exhibit #1** attached and incorporated herein to this complaint)

15. Before and at the time of this collision, the emergency flashers on Skulfield's Volvo tractor and trailer were activated. Additionally, orange reflective triangles had been properly placed by Frederick Skulfield behind his disabled tractor trailer to warn oncoming motorists of its presence.

16. On September 2, 2021, and before, Defendants Neil Reimer, RDC Transport Inc., Verspeeten Cartage Limited and Moe's Transport Trucking Inc., and each of them, owed a duty to exercise ordinary care for the safety of the Indiana motoring public, which included Frederick Skulfield.

17. Despite this duty, the Defendants Neil Reimer, RDC Transport Inc., Verspeeten Cartage Limited and Moe's Transport Trucking Inc., and each of them, on September 2, 2021, and before, breached the aforesaid duty and violated Industry standards by one or more of the following negligent acts:

    a. Failed to keep a proper look out;
    b. Fell asleep at the wheel when they knew the dangers of driving

        c.     fatigued;
        c.     Failed to comply with fmcsr §392.3 and
        d.     Drove outside their permitted hours of service.

18. One or more of the above negligent acts or omissions by the Defendants was a proximate cause of their September 2, 2021, collision with the maroon 2017 Volvo tractor and trailer occupied by Plaintiff Frederick Skulfield.

19. After the September 2, 2021, collision, Frederick Skulfield was taken by ambulance from the crash site to a local hospital and underwent medical treatment.

20. As a proximate cause of Neil Reimer's negligent driving, Frederick Skulfield was injured in the collision of September 2, 2021, and has suffered losses of a personal and pecuniary nature including, but not limited to, economic losses, medical liens, medical bills, physical therapy bills, ongoing and future care expenses, pain and suffering, multiple medical procedures, disfigurement, disability, and loss of a normal life. These losses have been incurred in the past and are reasonably certain to occur in the future. All or some of them are permanent.

*WHEREFORE,* Frederick Skulfield respectfully requests that judgment be entered in his favor and against Defendant Neil Reimer in an amount which will fully and fairly compensate him for all of his losses. The exact amount of compensatory damages sought cannot now be stated; however, the damages substantially exceed all applicable minimum jurisdictional amounts, specified in 28 U.S.C. § 1332.

## Count 6

*(Vicarious liability – Moe's Transport Trucking Inc.*

1-19. Plaintiff incorporates by reference paragraphs 1-19 of Count 5 as though fully set forth herein as paragraphs 1-19 of Count 6.

20. As a proximate cause of Neil Reimer's negligent driving, for which Defendant Moe's Transport Trucking Inc. is vicariously responsible, Frederick Skulfield was injured in the collision of September 2, 2021, and has suffered losses of a personal and pecuniary nature including, but not limited to, economic losses, medical liens, medical bills, physical therapy bills, ongoing and future care expenses, pain and suffering, multiple medical procedures, disfigurement, disability, and loss of a normal life. These losses have been incurred in the past and are reasonably certain to occur in the future. All or some of them are permanent.

*WHEREFORE*, Frederick Skulfield respectfully requests that judgment be entered in his favor and against Defendant, Moe's Transport Trucking Inc. which is vicariously responsible for the negligent actions of its § 390.5 statutory employee Neil Reimer, in an amount which will fully and fairly compensate him for all his losses. The exact amount of compensatory damages sought cannot now be stated; however, the damages substantially exceed all applicable minimum jurisdictional amounts, specified in 28 U.S.C. § 1332.

*Plaintiff Demands Trial by Jury*

John P. Puziss – Atty. No. 37377-45
**The Vrdolyak Law Group LLC**
9618 S. Commercial Avenue
Chicago, IL 60617
773-731-3311
jpuziss@vrdolyak.com

# Exhibit 1

