UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **FREDERICK SKULFIELD,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:23-cv-00339-HAB-SLC |
| | ) |
| **NEIL REIMER,** *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **OPINION AND ORDER**

Before the Court is a motion to amend filed by Defendants on April 16, 2025, seeking to file an amended answer to remove affirmative defenses. (ECF 59). Plaintiff filed a response, objecting to Defendants' request, on April 17, 2025—asserting untimeliness, undue delay, futility, and prejudice to Plaintiff. (ECF 60). Defendants did not file a reply brief, and their time to do so has now passed. *See* N.D. Ind. L.R. 7-1(d)(3)(B). Thus, the motion is ripe for ruling. For the following reasons, the motion to amend will be DENIED.

### A. *Factual and Procedural Background*

Plaintiff filed a complaint in this Court on August 7, 2023, as amended on August 23, 2023, advancing allegations of negligence and vicarious liability against Defendants as it relates to an automobile collision. (ECF 1, 4). On October 26, 2023, the Court held a preliminary pretrial conference in accordance with Federal Rule of Civil Procedure 16(b), and in relevant part, allotted the parties until June 30, 2024, to seek leave of Court to amend pleadings. (ECF 10, 11).

On February 22, 2024, Defendants filed an answer[1] to Plaintiff's amended complaint, asserting seven affirmative defenses. (*See* ECF 39). Namely, Defendants' second affirmative defense states that "Plaintiff's damages may have been proximately caused by intervening and/or superseding acts or omissions of persons other than Defendants, including creating a sudden

---

[1] Defendants filed an answer to Plaintiff's original complaint on November 28, 2023. (ECF 12).

emergency, and any action on the part of Defendants was not the proximate cause of Plaintiff's alleged damages." (*Id*. at 11).

On October 11, 2024, upon joint motion by the parties, the Court extended the discovery deadline to December 31, 2024. (ECF 41). On January 17, 2025, the Court granted an extension to February 28, 2025, for Plaintiff to disclose retained Rule 26(a)(2) experts, and to March 31, 2025, for Defendants to disclose retained Rule 26(a)(2) experts. (ECF 46, 47). The Court subsequently granted another motion by Defendants to extend the expert discovery schedule, allowing Defendants until April 30, 2025, to disclose their experts and until May 30, 2025, to depose their experts. (ECF 55).

On March 11, 2025, Plaintiff filed a partial summary judgment motion on Defendants' affirmative defenses. (ECF 51). Defendants did not file a response to the summary judgment motion, and their time to do so has now passed. N.D. Ind. L.R. 56-1(b). However, on April 16, 2025—almost ten months after the amended pleadings deadline passed—Defendants filed the instant motion to amend answer, seeking to "remov[e] the affirmative defense about intervening or superseding acts creating a sudden emergency." (ECF 59 ¶ 5).[2]

### B. Standard of Review

When a district court issues a scheduling order that requires amended pleadings to be filed by a deadline, and a party misses the deadline, that court is "entitled to apply the heightened good-cause standard of Rule 16(b)(4) before considering whether the requirements of Rule 15(a)(2) [are] satisfied." *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011). "The central

---

[2] Though Defendants do not so state in their motion, Plaintiff indicates that Defendants also "attempt to withdraw Affirmative Defense #6(d): 'failing to utilize emergency flashers and[/]or orange triangles to signal to passing motorists that the vehicle was broken down . . . .'" (ECF 60 ¶ 3 (emphasis omitted); ECF 39 ¶ 6.d). Further, Plaintiff brings attention to the potential conflict in Defendants' answer if it is amended as "Defendants deny this very allegation in Plaintiff's amended complaint paragraph 19 . . . ." (ECF 60 ¶ 7) (emphasis omitted). That paragraph states "[b]efore and at the time of this collision, the emergency flashers on Skulfield"s Volvo tractor and trailer were activated. Additionally, orange reflective triangles had been properly placed by Frederick Skulfield behind his disabled tractor trailer to warn oncoming motorists of its presence[,]" which Defendants denied. (ECF 39 ¶ 19; *see* ECF 59 at 8).

consideration in assessing whether good cause exists is the diligence of the party seeking to amend." *Allen v. Brown Advisory, LLC*, 41 F.4th 843, 852 (7th Cir. 2022) (citations omitted).

As to Rule 15(a)(2), while "[t]he court should freely give leave when justice so requires,' Fed. R. Civ. P. 15, 'the decision as to whether to grant a motion to amend . . . is entrusted to the sound discretion of the trial court . . . .'" *Tristate Bolt Co. v. W. Bend Mut. Ins. Co.*, No. 1:18-cv-00212TLS-SLC, 2020 WL 503036, at *2 (N.D. Ind. Jan. 31, 2020) (citing *Cohen v. Ill. Inst. of Tech.*, 581 F.2d 658, 661 (7th Cir. 1978)). "Further, leave to amend is 'inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment.'" *Id*. (quoting *Perrian v. O'Grady*, 958 F.2d 192, 194 (7th Cir. 1992)).

### C.  Discussion

In Defendants' motion, they indicate that "[d]uring the course of discovery, facts came to light that raised questions about the veracity of a sudden emergency defense." (ECF 59 ¶ 2). The parties purportedly discussed Defendants' filing of an amended answer in February 2025, however, Defendants did not file the instant motion until April 16, 2025, *after* Plaintiff filed his motion for partial summary judgment. (*Id*. ¶ 3). In support of the motion, Defendants assert that "Plaintiff has known about Defendants' intent to file an Amended Answer and Affirmative Defenses since the beginning of February, and accordingly, Plaintiff will not be prejudiced by the filing of Defendants' Amended Answer and Affirmative Defenses." (*Id*. ¶ 6).

Even if that were true, the argument is inadequate. Defendants make "no attempt to show good cause for filing [their] motion to amend[,]" almost ten months after the amended pleadings deadline, "an omission that dooms [their] motion." *Powell v. Furnish*, No. 1:11-cv-88, 2012 WL 2128031, at *3 (N.D. Ind. June 12, 2012) (citation omitted) (denying a motion to amend complaint, filed seven months past the amended pleadings deadline). Defendants fail to explain

3

the purpose of the amendment in this case or why they waited specifically until April 2025 to file the motion to amend.

What is more, the Seventh Circuit Court of Appeals has taken notice of instances such as this—where a party files a motion to amend after the amended pleading deadline and subsequent to the filing of a motion for summary judgment by the opposition. *See Sanders v. Venture Stores, Inc.*, 56 F.3d 771, 774 (7th Cir. 1995) ("Consistently, we have affirmed denials of a motion for leave to amend under circumstances similar to those presented here, specifically where a plaintiff has sought leave to amend after the defendant filed a successful motion for summary judgment."). The posture here is slightly different, given Defendants are filing a motion to amend answer, yet the Court sees no reason to charter a different course. Defendants never responded to Plaintiff's motion for summary judgment and given that motion is now ripe for ruling, allowing Defendants a chance to subsequently amend their answer would be prejudicial to Plaintiff. *See id*. Furthermore, Defendants' filing of the motion manifests undue delay as the motion would "depriv[e] [Plaintiff] of the meaningful value of [potentially] obtaining summary judgment." *Id.* ("This conclusion is supported by our case law uniformly advising that a plaintiff's leave to amend, when filed after discovery has been closed and after a defendant's motion for summary judgment has been filed, is considered unduly delayed and prejudicial."). "Overall, [Defendants'] apparent lack of diligence is a prime example of the kind of case management that Rule 16 is designed to eliminate." *Powell*, 2012 WL 2128031, at *4 (citation and internal quotation marks omitted).

### D.  Conclusion

For the reasons so stated in this Opinion & Order, Defendants' motion to amend (ECF 59) is DENIED.

SO ORDERED. Entered this 10th day of June 2025.

/s/ Susan Collins  
Susan Collins  
United States Magistrate Judge